DOWNEY BRAND LLP
ROBERT P. SORAN (Bar No. 169577)
OLIVIA M. WRIGHT (Bar No. 240200)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
rsoran@downeybrand.com
owright@downeybrand.com

Attorneys for Defendants
GOOSE POND AG, INC., and
FARMLAND MANAGEMENT SERVICES

JOHN C. CRUDEN
Assistant Attorney General
ANDREW J. DOYLE (FL Bar No. 84949)
JOHN THOMAS H. DO (CA Bar No. 285075)
SAMARA M. SPENCE (TN Bar No. 031484)
United States Department of Justice
Environmental and Natural Resources Division
P.O. Box 7611
Washington, DC  20044

PHILLIP A. TALBERT
Acting United States Attorney
GREGORY T. BRODERICK (CA Bar No. 220871)
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Tel:  (916) 554-2780

Attorneys for the UNITED STATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROGER J. LAPANT, JR.; J&J FARMS; GOOSE POND AT, INC.; and FARMLAND MANAGEMENT SERVICES,<br><br>　　　　　Defendants. | No.  2:16-cv-01498-KJM-DB<br><br>**STIPULATION REGARDING CONFIDENTIALITY OF SETTLEMENT COMMUNICATIONS AND PROTECTIVE ORDER** |

1

**1. <u>Purpose</u>**

The United States has filed this action against Defendants Goose Pond Ag, Inc. and Farmland Management Services, alleging violations of the Clean Water Act. These parties (collectively, "Parties," and each a "Party") are voluntarily exploring the possibility of settlement of this action. The settlement discussions and negotiations between the Parties (the "Settlement Process") are likely to involve disclosure of documents that are privileged or otherwise exempt or protected from disclosure (e.g. attorney work product), and for which special protection from public disclosure and from use for any purposes other than settlement of this Action between the Parties hereto is warranted. Nothing in this stipulation and order shall limit any Party from seeking documents in discovery or through other appropriate means if such document would otherwise have been required to be produced in response to a discovery request.

In furtherance of that effort, the Parties wish to exchange confidential documents and to communicate orally and in writing in furtherance of the Settlement Process, which communications may include, discuss, or reference information derived from such confidential documents (collectively, "Confidential Settlement Communications"), without waiving any privilege, protection, or exemption that might otherwise apply (e.g., attorney work product doctrine). Permitting the parties to exchange such Confidential Settlement Communications without waiving any otherwise applicable privilege, protection, or exemption will promote resolution of this action. In the absence of a protective order, however, one or more Parties are unlikely to disclose such documents or engage in such settlement communications, out of concern that such disclosure might waive existing privileges, protections, or exemptions. In essence, the Parties to this Stipulation seek an order permitting them to exchange specific documents and engage in specific communications, but to treat such documents and communications as though they were never disclosed for purposes of privilege, attorney work product, and similar doctrines. If this order is approved, such documents would continue to retain any existing privileged or exempt status for purposes of discovery in this or other litigation, the Freedom of Information Act, and similar disclosure statutes, and communications that include, discuss, or reference information derived from such confidential documents will likewise be subject to any privileges,

protections, or exemptions applicable to those confidential documents.  By the same token, if this order is approved, any otherwise discoverable documents would continue to be subject to any duly-propounded discovery request (and any valid objections).  In sum, no document shall become discoverable because of this Stipulation and Order, and no document shall become privileged or exempt from disclosure solely because of this Stipulation and Order.

Good cause thus exists to grant this protective order.  *See U.S. v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1992) (a strong public policy exists that favors the confidentiality of attempts to resolve disputes).

Thus, the Parties, by and through their counsel of record, stipulate to and propose that the Court enter the following Protective Order pursuant to this Stipulation:

**2.      Confidentiality**

The Settlement Process and all Confidential Settlement Communications, including any and all statements made during the Settlement Process, are confidential, and shall be treated as compromise negotiations under Rule 408 of the Federal Rules of Evidence.  Any documents Bates-stamped with the preface "DB" shall be treated as "Confidential Settlement Communications" under this Protective Order.

**3.      Disclosure of Settlement Communications**

No Settlement Communications shall be disclosed to any person for any purpose other than exploring potential settlement of the above-entitled action.  Disclosure for such purposes may include the following persons:

   a. The Parties and their employees working on the above-action;

   b. The attorneys representing the Parties and supervisors and personnel of the attorneys' law firms and agencies as necessary for the attorneys to perform their work in connection with the above-entitled action;

   c. Persons (and their assistants) not employed by a Party but retained to assist in the above-entitled action, such as experts or consultants;

   d. Persons who have access to the confidential document as evidenced by the material itself in that it is either to, from, or copied to such persons;

   e. Persons involved in one or more aspects of filing, organizing, coding, converting, photocopying, storing, retrieving, or designing programs for handling data connected with the above-entitled action; and

  f. Other persons qualified to have access to any confidential document by agreement of the producing Party or by further Order of the Court.

Any Party providing a Confidential <u>Settlement Communication</u> to any other person pursuant to this Paragraph shall make such person aware of this order, and such person shall agree to abide by this Order, or no such disclosure shall be made.

**4. <u>Otherwise Discoverable Information</u>**

This Order shall not create any privilege for Confidential Settlement Communications that does not otherwise exist.  For example, a Party may mark a document "Confidential" under this stipulation and order and the Parties shall treat all marked documents as such, including, but not limited to, any privilege from discovery.  But, if such document would otherwise be discoverable under the Federal Rules of Civil Procedure, this Order does not interfere with any Party's ability to request that document in discovery, through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, or through other permissible means.  The only effects of this Stipulation shall be that the Confidential Settlement Communications do not lose any confidentiality, privilege, or exemption that they would otherwise have if they were not disclosed pursuant to this Stipulation, and that Parties are prohibited from producing or disclosing any Confidential Settlement Communications, including in response to a discovery request, subpoena, or FOIA request, except in compliance with Paragraph 3 of this Stipulation.  No Party may refuse to produce otherwise discoverable information or documents on the basis that the requesting Party learned of the existence of the otherwise discoverable information during the Settlement Process.

**5. <u>Duration</u>**

For materials marked with the preface "DB," this Stipulation shall remain binding even after the termination or suspension of settlement discussions, or final disposition of this action.

**6. <u>Right to Assert Other Objections</u>**

Nothing in this Stipulation shall waive any rights a Party would otherwise have to object to discovery.

**7. <u>Prior to Entry of this Protective Order</u>**

The Parties agree to treat this Stipulation as binding upon execution by all Parties hereto.

**8.   Authority**

The persons signing this Stipulation represent that they have authority to enter into it on behalf of the respective Parties to it.

**9.   Counterparts**

This Stipulation may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

DATED:  October 14, 2016          DOWNEY BRAND LLP


By: /s/ *Robert P. Soran (authorized 10/14/2016)*
    ROBERT P. SORAN
    Attorneys for Defendants
    GOOSE POND AG, INC., and
    FARMLAND MANAGEMENT SERVICES



PHILLIP A. TALBERT
Acting United States Attorney


By: /s/ *Gregory T. Broderick*
    GREGORY T. BRODERICK
    Assistant United States Attorney

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  November 7, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/USvlapant1498.stip.set.prot.ord

STIPULATION REGARDING CONFIDENTIALITY OF SETTLEMENT COMMUNICATIONS; PROTECTIVE ORDER