DOWNEY BRAND LLP
ROBERT P. SORAN
ASHLEY M. BOULTON
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000 / Facsimile: (916) 444-2100

Attorneys for Defendants
GOOSE POND AG, INC., and FARMLAND MANAGEMENT SERVICES

CANNATA, O'TOOLE, FICKES & ALMAZAN
THERESE Y. CANNATA
KIMBERLY A. ALMAZAN
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: 415.409.8900 / Facsimile: 415.409.8904

Attorneys for Defendants
ROGER J. LAPANT, JR. and J&J FARMS

JEFFREY H. WOOD
Acting Assistant Attorney General
ANDREW J. DOYLE
JOHN THOMAS H. DO
United States Department of Justice
Environmental and Natural Resources Division
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-4427 (Doyle), (202) 514-2593 (Do)

PHILLIP A. TALBERT
United States Attorney
GREGORY T. BRODERICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2780

Attorneys for the UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:16-cv-01498-KJM-DB |
|---|---|
| Plaintiff, | **STIPULATION REGARDING FEDERAL RULE OF EVIDENCE 502; ORDER** |
| v. | |
| ROGER J. LAPANT, JR., *et al.*, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502, the Parties' Joint Status Report and Discovery Plan (ECF No. 22), and the Court's direction at the March 2, 2017 status conference (ECF No. 23), the Parties submit the following stipulation and proposed Order regarding inadvertent disclosure of privileged information.

A.  REQUEST FOR ORDER REGARDING PROTECTION OF PRIVILEGES.

1. This stipulation and Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of communications or information in discovery in this matter.

2. The various claims and defenses in this action may require each Party to review and to disclose potentially voluminous information and documents, including ESI, through the discovery process. Page-by-page preproduction privilege review may impose an undue burden on the Parties' resources.

3. Each Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the Party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in discovery conducted in this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

4. The Court further orders that because expedited or truncated privilege review may be necessary for the just, speedy, and inexpensive resolution of this matter, and because Rule 502(d) does not preserve privileges other than the attorney-client privilege and work-product protection, the Parties shall not review each and every page of the materials produced in discovery for all applicable privileges. Accordingly, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed

Stipulation re: FRE 502; Order                                    Case No. 2:16-cv-01498-KJM-DB

1

1   unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not
2   constitute a waiver of the disclosing Party's right to claim any privilege or protection that would
3   have applied to the information or documents or their subject matter but for the disclosure,
4   provided only that the Party disclaiming waiver employed procedures reasonably designed to
5   screen out privileged materials. However, the Parties shall not argue, in this forum or any other,
6   that any privileges were waived as a result of disclosures in this litigation irrespective of the
7   procedures used screen out privileged materials.

8       5.   If a Party determines that it has produced a document upon which it
9   wishes to make a claim of privilege, the producing Party shall, within 14 days of making such
10  determination, give all counsel of record notice of the claim of privilege.  The notice shall
11  identify each such document and the date it was produced.  If the producing Party claims that
12  only a portion of a document is privileged, the producing Party shall provide, along with the
13  notice of the claim of privilege, a new copy of the document with the allegedly privileged
14  portions redacted. Any Party that complies with this paragraph will be deemed to have taken
15  reasonable steps to rectify disclosures of privileged or protected information or materials.

16      6.   If a Party identifies a document that appears on its face or in light of facts
17  known to the Party to be subject to another Party's claim of privilege, the Party identifying the
18  potential claim of privilege is under a good-faith obligation to notify the Party holding the
19  potential claim of privilege.  Such notification shall not waive the identifying Party's ability to
20  subsequently challenge any assertion of privilege with respect to the identified document.  If the
21  Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall
22  provide notice in accordance with paragraph 5 above within five business days of receiving
23  notice from the identifying Party.

24      7.   Upon receiving notice of a claim of privilege on a produced document,
25  the receiving Party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the
26  specified information and any copies it has and may not use or disclose the information, except
27  as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved.  Copies of privileged
28  documents or information that have been stored on electronic media that is not reasonably

Stipulation re: FRE 502; Order                                          Case No. 2:16-cv-01498-KJM-DB

1  accessible, such disaster recovery backup media, are adequately sequestered as long as they are
2  not restored; if such data is restored, the receiving Party must take steps to re-sequester the
3  restored information. If the receiving Party disclosed the information before being notified, it
4  must take reasonable steps to prevent further use of such information until the claim is resolved.

5       8.    If a Party wishes to dispute a claim of privilege asserted under this Order,
6  such Party shall, within 14 days, move the Court for an order compelling disclosure of the
7  information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B).
8  Pending resolution of the motion, the Parties shall not use the challenged information for any
9  other purpose and shall not disclose it to any person other than those required by law to be
10 served with a copy of the sealed motion.

11      9.    The Parties may stipulate to extend the time periods specified in
12 paragraphs 5, 6, and 8 above.

13      10.    Nothing in this Order overrides any attorney's ethical responsibilities to
14 refrain from examining or disclosing materials that the attorney knows or reasonably should
15 know to be privileged and to inform the disclosing Party that such materials have been
16 produced.

17      11.    The Party wishing to assert a claim of privilege retains the burden, upon
18 challenge pursuant to paragraph 8, of establishing the applicability of the claimed privilege.
19 This Order does not preclude a Party from voluntarily waiving any claims of privilege. The
20 provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged
21 information to support a claim or defense.  No assertions of privilege pursuant to this
22 Stipulation may be made more than 14 days after the filing of final witness and exhibit lists (and
23 other filings required in support of the final pretrial conference).

24      12.    Unless this Court orders otherwise for good cause shown, each Party
25 shall bear the costs of producing its own documents.

26    B.    <u>STIPULATION TREATED AS BINDING</u>.  The Parties agree to treat the
27 foregoing stipulation as controlling pending the Court's consideration of it.
28 /////

1  RESPECTFULLY SUBMITTED,

2  DATED: March 9, 2017        DOWNEY BRAND LLP

3                              By: */s/ Robert P. Soran* (*authorized 03/09/17*)
                                   ROBERT P. SORAN
4                                  Attorneys for Defendants GOOSE POND AG, INC.,
                                   and FARMLAND MANAGEMENT SERVICES
5

6                              CANNATA, O'TOOLE, FICKES & ALMAZAN LLP

7                              By: */s/ Kimberly A. Almazan* (*authorized 03/09/17*)
                                   KIMBERLY A. ALMAZAN
8                                  Attorneys for Defendants ROGER J. LAPANT, Jr.,
                                   and J&J FARMS
9

10                             PHILLIP A. TALBERT
                               United States Attorney

11                             By: */s/ Gregory T. Broderick*
                                   GREGORY T. BRODERICK
12                                 Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  ORDER

2  In accordance with the foregoing stipulation and good cause appearing,

3  IT IS SO ORDERED.

4  DATED: March 23, 2017

_____
UNITED STATES DISTRICT JUDGE