DOWNEY BRAND LLP
ROBERT P. SORAN
ASHLEY M. BOULTON
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: (916) 444-1000 / Facsimile: (916) 444-2100

Attorneys for Defendants
GOOSE POND AG, INC., and FARMLAND MANAGEMENT SERVICES

CANNATA, O'TOOLE, FICKES & ALMAZAN
THERESE Y. CANNATA
KIMBERLY A. ALMAZAN
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: 415.409.8900 / Facsimile: 415.409.8904

Attorneys for Defendants
ROGER J. LAPANT, JR. and J&J FARMS

JEFFREY H. WOOD
Acting Assistant Attorney General
ANDREW J. DOYLE
JOHN THOMAS H. DO
United States Department of Justice
Environmental and Natural Resources Division
P.O. Box 7611
Washington, DC  20044
Telephone: (202) 514-4427 (Doyle), (202) 514-2593 (Do)

PHILLIP A. TALBERT
United States Attorney
GREGORY T. BRODERICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2780

Attorneys for the UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROGER J. LAPANT, JR., *et al.*,<br><br>    Defendants. | Case No. 2:16-cv-01498-KJM-DB<br><br>**STIPULATION REGARDING CONFIDENTIAL FINANCIAL INFORMATION; ORDER** |

1    Pursuant to Federal Rule of Civil Procedure 26(c), the Parties' Joint Status Report and
2 Discovery Plan (ECF No. 22), and the Court's direction at the March 2, 2017 status conference
3 (ECF No. 23), the Parties submit the following stipulation and proposed Order regarding
4 confidential financial information.

5    A.   REQUEST FOR PROTECTIVE ORDER FOR CERTAIN FINANCIAL
6 DOCUMENTS.  The Parties stipulate and propose that the Court issue the following Order
7 pursuant to Federal Rule of Civil Procedure 26(c) separate and apart from the Confidentiality
8 Order of November 6, 2016 (ECF No. 15), which governs the exchange of certain documents in
9 furtherance of the settlement process.

10        1.   The term "confidential document" herein means all documents, or parts
11 thereof, which are designated as confidential by the Party producing them consistent with the
12 requirements of this Protective Order.  The designation shall be made at the time of production
13 by placing: (a) the words "CONTAINS CONFIDENTIAL INFORMATION, PRODUCED BY"
14 and the name of the producing Party on the first page of each document; and (b) the word
15 "CONFIDENTIAL" on each confidential page of such document.  Such designation shall
16 constitute a certification by the attorney of record for the producing Party that the document so
17 designated, or parts thereof, is in good faith claimed to be confidential because of its private
18 financial information.  In addition, such designation shall constitute a certification by the
19 attorney of record for the producing Party that all of the following are true to the best of his or
20 her knowledge after a reasonable inquiry:

21        a.   the producing Party has taken reasonable measures to protect the
22 confidentiality of the document and intends to continue to take such measures;

23        b.   the document is not required to be disclosed, or otherwise made
24 available, to the general public or to any federal, state, or local governmental body or agency
25 under federal or state law, unless the document is a tax return which is required to be so
26 disclosed but may be designated as confidential under this Protective Order nevertheless;

27        c.   unlimited disclosure of the document is likely to cause substantial
28 harm to the privacy of the producing Party;

Stipulation re: Financial Information; OrderCase No. 2:16-cv-01498-KJM-DB

          d.       the document was not previously provided to the producing Party from a non-party with a lawful right to it; and

          e.       the document is not already or was not in the public domain.[1]

    2.       The receiving Party may challenge the producing Party's designation, but unless and until such designation is overturned by the Court (or otherwise resolved) the document shall remain a "confidential document." The burden of establishing the confidentiality of any document shall be on the Party favoring confidentiality.

    3.       No confidential document shall be disclosed to any person for any purpose other than the prosecution, defense, appeal, or settlement of the above-entitled action. In addition, disclosure may only be made to the persons identified in paragraph 4 below and only in the manner provided in this Protective Order, or as necessary for pretrial or trial proceedings, unless otherwise provided by further Order of this Court, by further stipulation, or by order or subpoena of any court of competent jurisdiction.

    4.       The following persons may have access to any confidential document for purposes of the prosecution, defense, appeal, or settlement of the above-entitled action:

          a.       the Parties and their employees working on the above-entitled action;

          b.       the attorneys representing the Parties and supervisors and personnel of the attorneys' law firms and agencies as necessary for the attorneys to perform their work in connection with the above-entitled action;

          c.       the Court, employees of the Court assigned to the above-entitled action, and Court stenographic reporter, outside photocopying organization, or other litigation support provided, engaged, or retained by counsel for a Party;

          d.       deposition court reporters, transcribers, or their assistants;

---

[1] "In the public domain" means, and the requirements set forth in this Protective Order shall not apply to, documents to the extent that they: (a) are already public knowledge, i.e., demonstrably obtainable from public sources through legitimate means; (b) have become public knowledge (other than as a result of an improper disclosure by a receiving Party in the above-entitled action); or (c) have or shall come into the receiving Party's legitimate possession independently of the producing Party.

        e.     persons (and their assistants) not employed by a Party but retained to assist in the above-entitled action, such as experts or consultants, with disclosure only to the extent necessary to perform such work (such as an expert report);

        f.     persons who have access to the confidential document as evidenced by the material itself in that it is either to, from, or copied to such persons;

        g.     any person whose testimony is to be taken, to the extent necessary for the preparation or perpetuation of that testimony or potential testimony;

        h.     persons involved in one or more aspects of filing, organizing, coding, converting, photocopying, storing, retrieving, or designing programs for handling data connected with the above-entitled action; and

        i.     other persons qualified to have access to any confidential document by agreement of the producing Party or by further Order of the Court.

5.     Any Party affirmatively disclosing any confidential document to any person other than the Court enumerated in paragraph 4 above shall make such person aware of this Protective Order, and such person shall agree not to disclose any confidential document to any other person except in conformance with this Protective Order.

6.     In connection with the issuance of process to compel attendance of a witness at a deposition or other testimonial proceeding, such process may include a notice specifying that one or more confidential documents disclosed at such deposition or other proceeding is protected pursuant to the terms of this Protective Order, in which event the witness, who shall be served with a copy of this Protective Order along with the notice of deposition or subpoena, shall be deemed fully apprised and bound by the terms of this Protective Order.

7.     Any Party who has designated a document as confidential may designate deposition or other testimony of any person related to that document as confidential, by making the designation on the record and specifically identifying the document's production number or, if a document is not numbered, its date, author, recipients, and subject matter, to the extent possible. If any confidential document is used during the testimony, portions of the transcript referring to such confidential document shall themselves be deemed confidential and subject to

Stipulation re: Financial Information; OrderCase No. 2:16-cv-01498-KJM-DB

the terms and restrictions of this Protective Order.  In all other respects, the transcript shall not be treated as confidential.

        8.     Any Party may file, proffer into evidence, or address orally or in writing the contents of, any confidential document with the Court, provided that the Party provides the opposing Party sufficient notice in advance to allow for the seeking of an Order of seal or redaction. If a sealing or redaction Order issues, the Parties shall follow the Court's ECF procedures for sealing and redaction, Local Rules 140 and 141, and any pertinent Order of this Court.

        9.     Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying on the examination of any confidential document.

       10.     Any Party wishing to designate a document as confidential must do so no later than 30 days before the deadline for the exchange of trial exhibits.  Any party wishing to challenge a confidential document designation must do so no later than 10 days prior to the date on which Parties must exchange trial exhibits.

       11.     Nothing in this Protective Order shall prevent the Parties from seeking modification of it or from objecting to discovery or evidence on other grounds.

       12.     Nothing in this Protective Order shall modify those provisions of Local Rule 140(a) relating to omission or redaction or personal data identifiers, or those provisions of Local Rule 140(b) relating to the seeking of a protective order or order authorizing redaction before protected information is submitted.

    B.     <u>STIPULATION TREATED AS BINDING</u>.  The Parties agree to treat the foregoing stipulation as controlling pending the Court's consideration of it.

RESPECTFULLY SUBMITTED,

DATED: March 9, 2017        DOWNEY BRAND LLP

        By: */s/ Robert P. Soran* (*authorized 03/09/2017*)
           ROBERT P. SORAN
           Attorneys for Defendants GOOSE POND AG, INC.,
           and FARMLAND MANAGEMENT SERVICES

        CANNATA, O'TOOLE, FICKES & ALMAZAN LLP

        By: */s/ Kimberly A. Almazan* (*authorized 03/09/2017*)
           KIMBERLY A. ALMAZAN

Stipulation re: Financial Information; OrderCase No. 2:16-cv-01498-KJM-DB

4

1
2  　　　　　　　　　　　　　　Attorneys for Defendants ROGER J. LAPANT, Jr., and J&J FARMS

3
4  　　　　　　　　　　　　　　PHILLIP A. TALBERT
　　　　　　　　　　　　　　United States Attorney

5  　　　　　　　　　　　　　　By: /s/ Gregory T. Broderick
　　　　　　　　　　　　　　　　　GREGORY T. BRODERICK
6  　　　　　　　　　　　　　　　　　Assistant United States Attorney

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER

In accordance with the foregoing stipulation, with the modifications reflected in paragraph 5, above, and good cause appearing.

IT IS SO ORDERED.

DATED:  March 23, 2017

_____
UNITED STATES DISTRICT JUDGE