UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>ROGER J. LAPANT, JR., et al.,<br><br>    Defendants. | No. 2:16-cv-01498-KJM-DB<br><br><br><br>ORDER |

This case is before the court on the motions to stay proceedings brought by defendants Roger J. LaPant and Goose Pond AG, Inc. LaPant Mot., ECF No. 35; Goose Pond Motion, ECF No. 37. Plaintiff United States opposes both motions. Opp'n, ECF No. 39. At hearing on defendants' motions, Kimberly Almazan and Zachary Colbeth appeared for LaPant, Robert Soran and Ashley Boulton for Goose Pond, and Gregory Broderick and John Do for the United States. ECF No. 42. For reasons explained below, defendants' motions are DENIED.

I.     BACKGROUND AND PROCEDURAL HISTORY

    The United States filed a complaint against defendants on June 30, 2016, alleging they discharged pollutants into the "waters of the United States" without authorization in violation of § 301 of the Clean Water Act (CWA), 33 U.S.C. § 1311(a). Compl. ¶ 1, ECF No. 1. The United States seeks injunctive relief and civil penalties. *Id.* ¶ 2. On May 2, 2017, defendants

filed a motion to stay this case, pending the resolution of the Ninth Circuit case denominated *United States v. Robertson*, No. 16-30178 (9th Cir. filed Aug. 1, 2016). Defendants anticipate *Robertson* will decide whether a prior Ninth Circuit case, *United States v. Davis*, 825 F.3d 1014, 1020 (9th Cir. 2016), has had the effect of overturning *N. Cal. River Watch v. City of Healdsburg*, 496 F.3d 993, 999 (9th Cir. 2007), which held that Justice Kennedy's concurrence in the case of *Rapanos v. United States*, 547 U.S. 715, 767 (2006), provides the test for determining jurisdiction under the CWA. The United States opposes defendants' motion. Opp'n. Defendants have replied. LaPant Reply, ECF No. 40; Goose Pond Reply, ECF No. 41.

II. DISCUSSION

    A. Legal Standards

A district court has inherent power to control the disposition of the cases on its docket in a manner to promote economy of time and effort for itself, for counsel and for litigants. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The trial court may, "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings that bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). This rule applies whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.*

The court's inherent power is discretionary. *CMAX*, 300 F.2d at 268 (9th Cir. 1962). In determining whether a stay is warranted, the court must weigh the competing interests resulting from granting or declining a motion to stay. *Id.* Among the competing interests are (1) the possible damage that may result from the granting of a stay, (2) the hardship or inequity a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law expected to result from a stay. *Id.* at 268; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Finally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v.*

*Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The court weighs the competing interests in this case below.

B. <u>Analysis</u>

First, the court must balance the "possible damage [to plaintiff] which may result from the granting of a stay," with "the hardship or inequity which [defendants] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. If there is "even a fair possibility that the stay for which [defendants] prays will work damage to someone else," then defendants must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

The court must also consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. In reviewing this factor, the court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Landis*, 299 U.S. at 254–55, 57 (a court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

Here, defendants contend a stay is warranted because *Robertson* is expected to be heard by the Ninth Circuit in the next four to six months. Goose Mot. at 13; LaPant Mot. at 10. Defendants also contend, should the case proceed, they will face unnecessary expenditures due to ongoing discovery. Goose Mot. at 12; LaPant Mot. at 12. Plaintiff counters that a decision in *Robertson* may not issue for more than 14 months, and ongoing litigation costs are not a reason to justify a stay. Opp'n at 9.

The court finds the first two factors weigh against staying this action. Defendants' contentions do not warrant a stay. First, although oral argument is set in the Circuit for August 29, *see Robertson*, Dkt. No. 57, it is unclear when the Circuit will resolve *Robertson*. Second, as to ongoing litigation costs, the Ninth Circuit has said "being required to defend suit, without

3

more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Third, at hearing, the United States contended ongoing and future harm would occur should the case be stayed, and delay will thwart its efforts to obtain the right to mitigate onsite damage to the property. This factor on balance weighs against a stay. *See id.* ("[U]nlike the plaintiffs in *CMAX* and *Leyva*, who sought only damages for past harm, the Attorney General seeks injunctive relief against ongoing and future harm.").

As to the orderly course of justice, the court concludes this factor also weighs against a stay. Defendants contend a decision in *Robertson* would clarify issues of CWA jurisdiction, which remain in doubt given the pending appeal. LaPant Mot. at 13; Goose Pond Mot. at 11. However, when pressed at hearing about the precise effect *Robertson* would have on the defendants' discovery budget or efforts, or how exactly the Ninth Circuit's decision might narrow defendants' liability, defendants made only generalized and unsupported assertions. Goose Pond's counsel did say the primary impact would be felt during expert discovery, the parameters of which could change significantly if *Robertson* is decided as defendants hope. At hearing the court indicated it would not impose a stay but would entertain a modified schedule for expert discovery and trial, to provide more time to assess the potential effects of *Robertson*; since hearing the parties have met and conferred to propose an amended schedule. They now agree to complete discovery by July 2018 and to have the case ready for trial by May 2019. *See* ECF No. 46. The court approves of this new schedule, which will facilitate the "orderly course of justice" without the entry of a stay. *See Leyva*, 593 F.2d at 863–64.

III. CONCLUSION

On balance, after weighing the competing interests, the court confirms a stay will not be imposed and DENIES defendants' motion to stay.

This order resolves ECF Nos. 37 and 38.

IT IS SO ORDERED.

DATED: June 22, 2017.

UNITED STATES DISTRICT JUDGE

4