1  DOWNEY BRAND LLP
   ROBERT P. SORAN
2  ASHLEY M. BOULTON
   621 Capitol Mall, 18th Floor
3  Sacramento, CA 95814-4731
   Telephone: (916) 444-1000 / Facsimile: (916) 444-2100
4  *Attorneys for GOOSE POND AG, INC., and FARMLAND MANAGEMENT SERVICES*

5  CANNATA, O'TOOLE, FICKES & ALMAZAN
   THERESE Y. CANNATA
6  MARK P. FICKES
   KIMBERLY A. ALMAZAN
7  100 Pine Street, Suite 350
   San Francisco, CA 94111
8  Telephone: 415.409.8900 / Facsimile: 415.409.8904
9  *Attorneys for ROGER J. LAPANT, JR. dba J&J FARMS*

10 JEFFREY H. WOOD
   Acting Assistant Attorney General
11 ANDREW J. DOYLE
   JOHN THOMAS H. DO
12 United States Department of Justice
   Environmental and Natural Resources Division
13 P.O. Box 7611
   Washington, DC 20044
14 Telephone: (202) 514-4427 (Doyle), (202) 514-2593 (Do)

15 McGREGOR W. SCOTT
   United States Attorney
16 GREGORY T. BRODERICK
   Assistant United States Attorney
17 501 I Street, Suite 10-100
   Sacramento, CA 95814
18 Telephone: (916) 554-2780
19 *Attorneys for the UNITED STATES OF AMERICA*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cv-01498-KJM-DB |
| Plaintiff, | |
| v. | **STIPULATION, MOTION, AND PROPOSED ORDER TO AMEND SCHEDULE & PARTIAL STAY OF DISCOVERY** |
| ROGER J. LAPANT, JR., J&J FARMS, GOOSE POND AG, INC. and FARMLAND MANAGEMENT SERVICES, | |
| Defendants. | |

| | |
|---|---|
| 1 | The plaintiff and all of the defendants to this action ("Parties")—the United States of |
| 2 | America and Roger J. LaPant, Jr., dba J&J Farms ("Mr. LaPant"), Goose Pond Ag, Inc., and |
| 3 | Farmland Management Services (collectively, "Goose Pond Defendants")—hereby stipulate, |
| 4 | move, and propose that the Court amend the controlling "Scheduling Order,"[1] as set forth in |
| 5 | Paragraphs 1 and 2 below. Further, the Parties to this action hereby stipulate, move, and propose |
| 6 | that the Court impose a partial stay of discovery under the terms and conditions set forth below |
| 7 | in Paragraphs 3 through 6 below. |
| 8 | <u>Statement from the United States and the Goose Pond Defendants</u>. The United States |
| 9 | and the Goose Pond Defendants submit that good cause supports this stipulation, motion, and |
| 10 | proposed Order. (Mr. LaPant did not draft and does not join this paragraph and the next one.) |
| 11 | On August 7, 2018, the United States and Goose Pond Defendants reached an agreement in |
| 12 | principle to resolve count two of the United States' complaint, subject to their completion and |
| 13 | lodging of a proposed consent decree. The United States and the Goose Pond Defendants |
| 14 | expect to complete a proposed consent decree as soon as possible and both share the goal of |
| 15 | lodging any proposed consent decree by the end of August, 2018, subject to approval by |
| 16 | authorized officials in the Department of Justice. If and when these parties execute a proposed |
| 17 | consent decree, it will then be made available for public comment for a period of at least 30 |
| 18 | days. *See* 28 C.F.R. § 50.7. Next, following the comment period (and assuming no changes to |
| 19 | any decree ensue as a result of the comment process), the United States expects to move the |
| 20 | Court to enter the decree in October, 2018. The Court's review period is estimated to take |
| 21 | approximately 28 days (depending on the Court's schedule). The entire process for the United |
| 22 | States/Goose Pond Defendants settlement is estimated to take approximately 90 days from |
| 23 | August 7, 2018. |

---

[1] The Court's latest scheduling Order dated April 6, 2018 (ECF No. 56), and its prior status and scheduling orders are dated April 7, 2017 (ECF No. 32), June 7, 2017 (ECF No. 49), and December 19, 2017 (ECF No. 52). The United States and Mr. LaPant also have a pending stipulation and proposed Order dated July 27, 2018 (ECF No. 73), that pertains to one narrow aspect of the scheduling Order; granting that request is consistent with the relief requested herein.

Joint Motion to Amend Schedule/Part. Stay of Disc.　　　　　　　　　No. 2:16-cv-01498-KJM-DB

1

1         Assuming that a consent decree between the United States and the Goose Pond Defendants is entered in approximately 90 days, no claims against the Goose Pond Defendants would remain pending, and the Goose Pond Defendants would have no need to participate in any of the discovery and litigation proceedings that occur between the United States and Mr. LaPant. However, given the likelihood of settlement between the United States and the Goose Pond Defendants (and the narrowing of potential issues for trial between the United States and Mr. LaPant given the absence of the Goose Pond Defendants), it would likely be wasteful for the Goose Pond Defendants to participate in certain discovery and litigation proceedings.

        <u>Statement from Mr. LaPant</u>. Mr. LaPant was not privy to any of the discussion and/or proposed terms of the pending United States/Goose Pond Defendants settlement. Mr. LaPant therefore joins in this stipulation and supports the proposed order based on information and belief that the United States and Goose Pond Defendants have accurately estimated the timing for completion of their settlement, and that the settlement by its terms will not present an issue requiring new areas of fact and expert discovery for the remaining parties. Further, Mr. LaPant has informed the United States and the Goose Pond Defendants that he supports this stipulation and proposed Order, subject to his continuing concerns about the higher cost, weather, and scheduling challenges of fact and expert depositions outside of California given that, under the new proposed scheduling order, these depositions have to be convened and completed during the Thanksgiving and December holiday period. Mr. LaPant reserves his rights to seek a further amendment to the scheduling order in the event that these time estimates prove unrealistic and/or he is prejudiced by the limitations (and delays) now being imposed on his right to complete fact and expert discovery.

        <u>Joint statement of the Parties</u>. The Parties stipulate, move, and propose as follows:

1.     All remaining events should be rescheduled as follows:

/////
/////
/////
/////

Joint Motion to Amend Schedule/Part. Stay of Disc.         No. 2:16-cv-01498-KJM-DB

2

| **Event** | **Current** | **Proposed** |
|---|---|---|
| **Close of Discovery** | September 21, 2018 | Dec. 21, 2018 |
| **Dispositive Motions (Heard By)** | November 20, 2018 | Feb. 22, 2019 |
| **Joint Pretrial Statement Due** | December 21, 2018 | March 25, 2019 (alternatively: May 23, 2019[2]) |
| *Motions in Limine* <br> **Motion Due** | January 12, 2019 | April 15, 2019 (alternatively: June 12, 2019) |
| **Opposition Due** | January 22, 2019 | April 22, 2019 (alternatively: June 21, 2019) |
| **Reply Due** | January 29, 2019 | April 29, 2019 (alternatively: June 28, 2019) |
| **Heard by Date** | February 22, 2019 | May 20, 2019 (alternatively: July 5, 2019) |
| **Final Pretrial Conference** | January 25, 2019 | April 22, 2019 (alternatively: June 27, 2019) |
| **Trial Brief** | March 29, 2018 | June 24, 2019 (alternatively: Aug. 12, 2019) |
| **Jury Trial (Liability)** | April 15, 2019 | July 15, 2019 (alternatively: Sept. 3, 2019) |
| **Bench Trial (Remedy)** | May 20, 2019 | August 19, 2019 (alternatively: Oct. 28, 2019) |

2. No later than October 15, 2018, the Parties shall complete their meet and confer regarding the scheduling of all depositions and the "Equipment Inspection"[3] such that there is an agreement as to the date and place for each event (including confirmation of availability by any fact or expert witness affiliated with a party). Depositions may start on November 7, 2018, and the Parties are permitted to serve deposition notices and/or subpoenas in accordance with that start date

---

[2] The Parties have provided alternative proposed dates if, for example, the Court believes that there should be more time between dispositive motions and trial-related deadlines.

[3] The term "Equipment Inspection" refers to the United States' "First Request to LaPant to Produce Tangible Things" propounded on July 20, 2018. The Parties agree that the Equipment Inspection shall occur prior to any depositions of Gregory House, Matthew Kelley, Paul Squires, Ken Lane, Todd LaPant and Mr. LaPant and no earlier than October 15, 2018.

Joint Motion to Amend Schedule/Part. Stay of Disc.           No. 2:16-cv-01498-KJM-DB

(or earlier upon agreement of the Parties). The Parties reserve the right to move the Court, jointly or unilaterally, to further amend the foregoing schedule based on good cause (e.g., if the United States' and the Goose Pond Defendants' 90-day estimation discussed above is exceeded and risks prejudicing any party). The Parties also reserve their right to oppose any requested amendment.

3. From now until the Court enters any consent decree between the United States and the Goose Pond Defendants (or the United States and/or the Goose Pond Defendants notify the Court that their settlement has failed), the Parties shall not: (a) propound or conduct any fact or expert discovery, written, oral, or otherwise, including but not limited to any depositions or any requests or subpoenas for documents, except as set forth in Paragraphs 4 through 6 below; and (b) conduct any law and motion practice, except for motion practice required to complete settlement between the United States and the Goose Pond Defendants (e.g., motion for entry of a proposed consent decree), discovery motions as referenced in Paragraphs 4 and 5 below, and motions to amend or for leave as referenced in Paragraph 2 above or Paragraph 6 below.

4. This stipulation, motion, and proposed Order does not prohibit the following discovery (and any related motion to compel or similar discovery motion) at any time:

   a. Interrogatories solely between the United States and Mr. LaPant;

   b. Requests for admission solely between the United States and Mr. LaPant;

   c. Requests for documents solely between the United States and Mr. LaPant; and

   d. Subpoena for documents and electronically stored information from third parties, provided that the third party is not either affiliated with the Goose Pond Defendants (i.e. current employee or affiliated business entity), is not a former employee, retained expert, or confidential consultant, and the subpoena does not otherwise seek documents that contain information in the possession or control of the subpoenaed third party, which is asserted to be privileged or protected from disclosure by the Goose Pond Defendants.[4]

---

[4] To facilitate implementation of this provision, the Parties further agree that any party wishing to serve a subpoena during the stay period shall first provide seven days advance written notice to all other parties, prior to service of any such subpoena. No such subpoena may be served without leave of Court if the Goose Pond Defendants notify the other parties in writing, within the seven day period, that the proposed subpoena is directed to a party that is either affiliated with the Goose Pond Defendants (i.e. current employee or affiliated business entity), or is a former employee, retained expert, or confidential consultant, or the subpoena otherwise seeks documents that contain information in the possession or control of the subpoenaed third party, which is asserted to be privileged or protected from disclosure by the Goose Pond Defendants.

Joint Motion to Amend Schedule/Part. Stay of Disc.                    No. 2:16-cv-01498-KJM-DB

4

5. This stipulation, motion, and proposed Order does not prohibit the United States and Mr. LaPant from taking any action to address or resolve disputes regarding any outstanding or future discovery requests solely between themselves, including any pending discovery motions or matters currently the subject of discussion among the Parties.

6. The Parties reserve their right to seek leave of Court for any appropriate relief from or related to the restrictions on discovery set forth in this stipulation, motion, and proposed Order upon a showing of good cause. By the same token, the Parties reserve their right to oppose any request for relief.

STIPULATED AND RESPECTFULLY SUBMITTED,

DATED: August 21, 2018     DOWNEY BRAND LLP

By: */s/ Robert P. Soran* (authorized 08/21/2018)
    ROBERT P. SORAN
    Attorneys for GOOSE POND AG, INC., and
    FARMLAND MANAGEMENT SERVICES

CANNATA, O'TOOLE, FICKES & ALMAZAN LLP

By: */s/ Therese Y. Cannata* (authorized 08/21/2018)
    THERESE Y. CANNATA
    Attorneys for ROGER J. LAPANT, Jr., dba J&J FARMS

McGREGOR W. SCOTT
United States Attorney

By: */s/ Gregory T. Broderick*
    GREGORY T. BRODERICK
    Assistant United States Attorney

Joint Motion to Amend Schedule/Part. Stay of Disc.     No. 2:16-cv-01498-KJM-DB

5

# ORDER

Upon due consideration, and good cause shown, the Court approves and enters Paragraphs 1 through 6 of the foregoing stipulation and motion with the following modifications:

| Event | Current Deadline | New Deadline |
|---|---|---|
| All discovery completed | September 21, 2018 | Dec. 21, 2018 |
| Last day to hear dispositive motions | November 20, 2018 | Feb. 22, 2019 |
| Joint Pretrial Statement Due | December 21, 2018 | May 23, 2019 |
| *Motions in Limine* <br> Motion Due <br><br> Opposition Due <br><br> Reply Due <br><br> Heard by Date | January 12, 2019 <br><br> January 22, 2019 <br><br> January 29, 2019 <br><br> February 22, 2019 | To be set at upon resolution of dispositive motions or at further scheduling conference. |
| Final Pretrial Conference | January 25, 2019 | To be set at upon resolution of dispositive motions or at further scheduling conference. |
| Trial Brief | March 29, 2018 | To be set at upon resolution of dispositive motions or at further scheduling conference. |
| Jury Trial (Liability) | April 15, 2019 | To be set at upon resolution of dispositive motions or at further scheduling conference. |
| Bench Trial (Remedy) | May 20, 2019 | To be set at upon resolution of dispositive motions or at further scheduling conference. |

In all other respects, the Court's prior Status and Scheduling Orders remain in effect.

DATED: August 31, 2018.

_____
UNITED STATES DISTRICT JUDGE

Joint Motion to Amend Schedule/Part. Stay of Disc.                              No. 2:16-cv-01498-KJM-DB

6