| | |
|---|---|
| 1 | DOWNEY BRAND LLP |
| | ROBERT P. SORAN |
| 2 | ASHLEY M. BOULTON |
| | 621 Capitol Mall, 18th Floor |
| 3 | Sacramento, CA 95814-4731 |
| | Telephone: (916) 444-1000 / Facsimile: (916) 444-2100 |
| 4 | *Attorneys for GOOSE POND AG, INC., and FARMLAND MANAGEMENT SERVICES* |
| 5 | |
| | CANNATA, O'TOOLE, FICKES & OLSON |
| 6 | THERESE Y. CANNATA |
| | MARK P. FICKES |
| 7 | 100 Pine Street, Suite 350 |
| | San Francisco, CA 94111 |
| 8 | Telephone: 415.409.8900 / Facsimile: 415.409.8904 |
| 9 | WITHERS BERGMAN LLP |
| | KIMBERLY A. ALMAZAN |
| 10 | 505 Sansome Street, 2nd Floor |
| | San Francisco, California 94111 |
| 11 | Telephone: 415.872.3200/ Facsimile:415.549 2480 |
| | *Attorneys for ROGER J. LAPANT, JR. dba J&J FARMS* |
| 12 | |
| 13 | JONATHAN D. BRIGHTBILL |
| | Deputy Assistant Attorney General |
| 14 | ANDREW J. DOYLE |
| | United States Department of Justice |
| 15 | Environmental and Natural Resources Division |
| 16 | McGREGOR W. SCOTT |
| | United States Attorney |
| 17 | GREGORY T. BRODERICK |
| | Assistant United States Attorney |
| 18 | 501 I Street, Suite 10-100 |
| | Sacramento, CA 95814 |
| 19 | Telephone: (916) 554-2780 |
| | *Attorneys for the UNITED STATES OF AMERICA* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cv-01498-KJM-DB |
| Plaintiff, | |
| v. | **SECOND STIPULATION, MOTION, AND PROPOSED ORDER TO AMEND SCHEDULE** |
| ROGER J. LAPANT, JR., J&J FARMS, GOOSE POND AG, INC. and FARMLAND MANAGEMENT SERVICES, | |
| Defendants. | |

Second Stip. / Motion to Amend Schedule      Case No. 2:16-cv-01498-KJM-DB

On September 4, 2018 (ECF No. 84), the Court approved a stipulation presented by Plaintiff United States of America and all of the defendants to this action ("Parties")—the United States of America and Roger J. LaPant, Jr., dba J&J Farms ("Mr. LaPant"), Goose Pond Ag, Inc., and Farmland Management Services (collectively, "Goose Pond Defendants")—to amend the schedule and impose a partial stay of discovery. The reason for that stipulation was a proposed consent decree between the United States and the Goose Pond Defendants. To date, the United States' motion for entry of the proposed decree remains pending, and the Court recently vacated the November 16, 2018 hearing date (ECF No. 96).

Given that the Court's review of the proposed consent decree remains pending, the parties hereby stipulate, move, and propose that the Court amend its September 4, 2018 Order as set forth herein.

1. All remaining events should be rescheduled as follows:

| Event | Current | Proposed |
|---|---|---|
| **All discovery completed** | December 21, 2018 | February 15, 2019 |
| **Last day to hear dispositive motions** | Feb. 22, 2019 | April 5, 2019 |
| **Joint Pretrial Statement Due** | May 23, 2019 | June 20, 2019 |
| *Motions in Limine* | To be set upon resolution of dispositive motions or at further scheduling conference. | No change; to be set upon resolution of dispositive motions or at further scheduling conference. |
| **Final Pretrial Conference** | Same as above | No change; same as above |
| **Trial Brief** | Same as above | No change; same as above |
| **Jury Trial (Liability)** | Same as above | No change; same as above |
| **Bench Trial (Remedy)** | Same as above | No change; same as above |

2. The Parties have met and conferred about an "Equipment Inspection,"[1] and they agree that it may occur on November 27, 2018, starting at 10 a.m. at the location arranged by Mr. LaPant. No depositions may be taken between now and January 7, 2019, and all such notices and/or subpoenas that have already been issued or are forthcoming, including but not limited to notices and/or subpoenas for expert witnesses, shall be held in abeyance pending efforts to meet and confer (as discussed in the sentence that follows).[2] The Parties shall, no later than December 14, 2018, complete their meet and confer regarding depositions, including without limitation, the date and place for each event. Depositions may again be taken starting on January 8, 2019, and continue through and including February 15, 2019, and following the Parties' meet-and-confer referenced above, the Parties are permitted to serve additional deposition notices and/or subpoenas in accordance with the agreed-upon dates and places. Notwithstanding any other provision in this stipulation, any and all objections by or on behalf of the Parties or deponents to the notices or subpoenas described herein are reserved, and any and all unresolved objections shall be served in writing on or before December 21, 2018. Additionally, notwithstanding any other provision of this stipulation, the deadline for any motion to quash or motion for a protective order, whether filed by a Party or a deponent to the notices or subpoenas described herein shall be tolled while those notices or subpoenas are held in abeyance (as stated in the second sentence of this paragraph). The time for such motions shall be based upon the date for compliance as determined through the Parties' meet and confer described herein and at the availability of the Court.

---

[1] The term "Equipment Inspection" refers to the United States' "First Request to LaPant to Produce Tangible Things" propounded on July 20, 2018.

[2] The foregoing sentence in the body of this stipulation refers to the following deponents about which the United States and Mr. LaPant have initially conferred: Ken Lane, Matthew Kelley, Terry Cheney, James Komar, Todd LaPant, and Roger J. LaPant, Jr. Mr. LaPant has issued notices of deposition for Messrs. Kelley and Komar, and the United States intends to issue notices of deposition or subpoenas to the remaining deponents. In addition, the foregoing sentence in the body of this stipulation refers to the following retained experts for which Mr. LaPant has issued notices of deposition or subpoenas: Gregory House, Peter Stokely, Scott Stewart, Michael Josselyn, Randall Grip, Misha Schwarz, and Mark Hanna. Additionally, the foregoing sentence in the body of this stipulation refers to the following retained experts for which the United States may issue notices of deposition: Paul Wisniewski, Paul Squires, and Damon Brown. In addition, the foregoing sentence in the body of this stipulation refers to any additional deponents for which the Goose Pond Defendants may issue notices of deposition or subpoenas, including but not limited to retained experts.

3. From now until the Court enters any consent decree between the United States and the Goose Pond Defendants, the Parties shall not: (a) propound or conduct any fact or expert discovery, written, oral, or otherwise, including but not limited to any depositions or any requests or subpoenas for documents, except as set forth in Paragraph 2 above and Paragraphs 4 through 6 below; and (b) conduct any law and motion practice, except for discovery motions as referenced in Paragraphs 4 and 5 below; motions to further amend the schedule; and motions for leave as referenced in Paragraph 6 below.

4. This stipulation, motion, and proposed Order does not prohibit the following discovery (and any related motion to compel or similar discovery motion) at any time:

    a. Interrogatories solely between the United States and Mr. LaPant;

    b. Requests for admission solely between the United States and Mr. LaPant;

    c. Requests for documents solely between the United States and Mr. LaPant; and

    d. Subpoena for documents and electronically stored information from third parties, provided that the third party is not either affiliated with the Goose Pond Defendants (i.e. current employee or affiliated business entity), is not a former employee, retained expert, or confidential consultant, and the subpoena does not otherwise seek documents that contain information in the possession or control of the subpoenaed third party, which is asserted to be privileged or protected from disclosure by the Goose Pond Defendants.[3]

5. This stipulation, motion, and proposed Order does not prohibit the United States and Mr. LaPant from taking any action to address or resolve disputes regarding any outstanding or future discovery requests solely between themselves, including any pending discovery motions or matters currently the subject of discussion among the Parties.

---

[3] To facilitate implementation of this provision, the Parties further agree that any party wishing to serve any additional deposition notices and/or subpoenas not served on opposing counsel prior to November 15, 2018, shall first provide seven days advance written notice to all other parties, prior to service of any such subpoena. No such subpoena may be served without leave of Court if the Goose Pond Defendants notify the other parties in writing, within the seven day period, that the proposed subpoena is directed to a party that is either affiliated with the Goose Pond Defendants (i.e. current employee or affiliated business entity), or is a former employee, retained expert, or confidential consultant, or the subpoena otherwise seeks documents that contain information in the possession or control of the subpoenaed third party, which is asserted to be privileged or protected from disclosure by the Goose Pond Defendants.

1    6.   The Parties reserve their right to seek leave of Court for any appropriate relief
2 from or related to the restrictions on discovery set forth in this stipulation, motion, and proposed
3 Order upon a showing of good cause.  By the same token, the Parties reserve their right to
4 oppose any request for relief.

STIPULATED AND RESPECTFULLY SUBMITTED,

DATED:  Nov. 16, 2018          DOWNEY BRAND LLP

By: */s/ Robert P. Soran* (authorized 11/16/2018
    ROBERT P. SORAN
    Attorneys for GOOSE POND AG, INC., and
    FARMLAND MANAGEMENT SERVICES

CANNATA, O'TOOLE, FICKES & ALMAZAN LLP

By: */s/ Therese Y. Cannata*  (authorized 11/16/2018)
    THERESE Y. CANNATA
    Attorneys for ROGER J. LAPANT, Jr., dba J&J FARMS

JONATHAN D. BRIGHTBILL
Deputy Assistant Attorney General

By: */s/ Andrew J. Doyle*
    ANDREW J. DOYLE
    Attorney
    United States Department of Justice
    Environment & Natural Resources Division
    Attorneys for UNITED STATES OF AMERICA

**ORDER**

Upon due consideration, and good cause shown, the Court approves the following:

| Event | Current | Proposed |
|---|---|---|
| **All discovery completed** | December 21, 2018 | February 15, 2019 |
| **Last day to hear dispositive motions** | Feb. 22, 2019 | April 5, 2019 |
| **Joint Pretrial Statement Due** | May 23, 2019 Pretrial Statement due date vacated, to be set upon resolution of dispositive motions or | To be set upon resolution of dispositive motions or at further scheduling conference. |

|   |   |   |
|---|---|---|
|   | at further scheduling conference. |   |
| *Motions in Limine* | Same as above | No change; same as above |
| **Final Pretrial Conference** | Same as above | No change; same as above |
| **Trial Brief** | Same as above | No change; same as above |
| **Jury Trial (Liability)** | Same as above | No change; same as above |
| **Bench Trial (Remedy)** | Same as above | No change; same as above |

In all other respects, the Court's prior Status and Scheduling Orders remain in effect.

DATED: November 26, 2018.

_____
UNITED STATES DISTRICT JUDGE