UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGER J. LAPANT, JR., et al.,

Defendants.

No. 2:16-CV-01498-KJM-DB

ORDER

        The United States of America, at the request of the Secretary of the Army acting through the United States Army Corps of Engineers, sues Roger J. LaPant, Jr., J&J Farms, Goose Pond AG, Inc. and Farmland Management Services for alleged violations of the Clean Water Act ("CWA"). LaPant and J&J Farms ("LaPant") move for judgment on the pleadings, arguing the court lacks subject matter jurisdiction. As explained below, the court DENIES the motion.

I.     BACKGROUND

        Congress enacted the CWA to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *Rapanos v. United States*, 547 U.S. 715, 722–23 (2006) (plurality opinion) (quoting 33 U.S.C. § 1251(a)). To that end, the CWA prohibits "the discharge of any pollutant by any person." *Id.* at 723 (quoting 33 U.S.C. §§ 1311(a)). Both "[t]he discharge of any pollutant" and "pollutant" are "defined broadly," with the former including "any addition of any pollutant to navigable waters from any point source," and the latter including both "traditional

1

contaminants but also solids such as 'dredged spoil, . . . rock, sand, [and] cellar dirt.'" *Id.* (quoting 33 U.S.C. § 1362(12), (6)) (alterations in original).

The CWA authorizes the Secretary of the Army, acting through the Chief of Engineers ("Secretary" or "Corps"), to "issue permits . . . for the discharge of dredged or fill material[1] into the navigable waters at specified disposal sites." 33 U.S.C. § 1344(a), (d); *see Borden Ranch Partnership v. U.S. Corps of Engineers*, 261 F.3d 810, 814 (9th Cir. 2001) ("It is unlawful to discharge pollutants into wetlands without a permit from the Army Corps of Engineers."). These permits, referred to as Section 404 permits, are "governed simultaneously by Corps Regulations, 33 C.F.R. Parts 320–29, and by EPA guidelines, 40 C.F.R. Part 230." *Friends of the Earth v. Hintz*, 800 F.2d 822, 830 (9th Cir. 1986).

The CWA also contains provisions authorizing agencies to bring suits in federal district courts. The provisions at issue here include § 1344(s)(3), under which:

> The Secretary [of the Army] is authorized to commence a civil action for appropriate relief, including a permanent or temporary injunction for any violation for which he is authorized to issue a compliance order under paragraph (1) of this subsection. Any action under this paragraph may be brought in the district court of the United States for the district in which the defendant is located or resides or is doing business, and such court shall have jurisdiction to restrain such violation and to require compliance. Notice of the commencement of such acton [sic] shall be given immediately to the appropriate State.

33 U.S.C. § 1344(s)(3) (footnote omitted). The "paragraph (1)," referred to in § 1344(s)(3), provides:

> Whenever on the basis of any information available to him the Secretary finds that any person is in violation of any condition or limitation set forth in a permit issued by the Secretary under this section, the Secretary shall issue an order requiring such person to comply with such condition or limitation, or the Secretary shall bring a civil action in accordance with paragraph (3) of this subsection.

*Id.* § 1344(s)(1). Further, and separately, under § 1319(b):

> The Administrator [of the EPA] is authorized to commence a civil action for appropriate relief, including a permanent or temporary

---
[1] "'[D]redged or fill material' . . . unlike traditional water pollutants, are solids that do not readily wash downstream . . . ." *Rapanos*, 547 U.S. at 723.

2

> injunction, for any violation for which he is authorized to issue a compliance order under subsection (a) of this section. Any action under this subsection may be brought in the district court of the United States for the district in which the defendant is located or resides or is doing business, and such court shall have jurisdiction to restrain such violation and to require compliance. Notice of the commencement of such action shall be given immediately to the appropriate State.

*Id.* § 1319(b). The "subsection (a)" referred to in § 1319(b) includes, as relevant here, § 1319(a)(3), which authorizes the Administrator of the EPA ("Administrator" or "EPA") to issue compliance orders for violations of multiple CWA provisions. *Id.* § 1319(a)(3). One such provision, § 1311, provides in pertinent part: "Except as in compliance with this section and section[] . . . 1344 of this title, the discharge of any pollutant by any person shall be unlawful." *Id.* § 1311(a)(1).

The United States alleges that beginning in July 2011, LaPant discharged pollutants into "potentially 100 or more acres of waters of the United States" in Tehama County, California, without a permit. Compl., ECF No. 1, ¶¶ 30, 96–107. The alleged discharge resulted from tractor tilling on or near wetlands that are contiguous to Coyote Creek, which flows into a "traditional navigable water," the Sacramento River. *Id.* ¶¶ 79, 84–85. Corps staff observed the disturbed ground in March of 2012, investigated, conferred with the EPA and then referred the matter to the United States Department of Justice. Opp'n, ECF No. 61, at 4.[2] The Assistant Attorney General for the Environment and Natural Resources Division then authorized this enforcement action, *id.*, and the United States sued, alleging LaPant and other defendants "discharge[ed] pollutants into waters of the United States . . . without authorization, in violation of CWA section 301(a), 33 U.S.C. § 1311." Compl. ¶ 1. The United States sues "by the authority of the Attorney General, and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers," bringing "[t]his . . . civil enforcement action [] under sections 309 and 404 of the [CWA], 33 U.S.C. §§ 1319 and 1344," and alleging this court's jurisdiction under "section 309(b) of the CWA, 33 U.S.C § 1319(b), and 28 U.S.C. §§ 1331 and 1345." *Id.* at 1 & ¶¶ 1, 4.

---

[2] All citations to the parties' briefs refer to CM/ECF page numbers, not the briefs' internal pagination.

3

LaPant moves for judgment on the pleadings, arguing the CWA authorizes only the EPA Administrator to commence this suit and the court therefore lacks subject matter jurisdiction. Mot., ECF No. 59-1. The United States opposes, and LaPant filed a reply. Opp'n; Reply, ECF No. 63. As explained below, the court DENIES the motion.

II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under this Rule may argue the complaint does not state a claim on which relief can be granted or that the court lacks jurisdiction. *See* Fed. R. Civ. P. 12(h)(2)(B), (h)(3). The same legal standard applies to motions under Rule 12(b)(6) and 12(c), and much of the process described by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to Rule 12(c) motions; the Ninth Circuit describes the legal standards applicable to these motions as "substantially identical." *1121 Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (citation and internal quotation marks omitted); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). In short, the court must consider whether the plaintiffs' factual allegations state a plausible claim for relief when allowed the benefit of reasonable inferences. *Cafasso*, 637 F.3d at 1054; *Fang Lin Ai v. United States*, 809 F.3d 503, 506 (9th Cir. 2015).

III.  DISCUSSION

   A.  28 U.S.C. § 1345

The United States contends "[28 U.S.C. §] 1345 alone is a sufficient basis to deny LaPant's motion to dismiss for lack of subject matter jurisdiction." Opp'n at 6. The court agrees.

Under 28 U.S.C. § 1345, "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. Accordingly, "28 U.S.C. § 1345 provides an independent basis for jurisdiction where the United States is the plaintiff." *United States v. Yakima Tribal Court*, 806 F.2d 853, 858 (9th Cir. 1986) (citation omitted). "Section 1345 . . . can only be limited, as the

initial proviso provides, by (1) an explicit repeal of the statute by an Act of Congress or (2) an implicit repeal by total irreconcilability of the two acts." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 9 (1st Cir. 2005) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 808 (1976)). Thus, in addressing a jurisdictional challenge, the court asks, "whether Congress intended [the provisions at issue] to act as a substitute for the jurisdictional provisions of the Judiciary Code (especially 28 U.S.C. § 1345); or in the alternative, whether an unbridgeable schism exists between [those provisions] and 28 U.S.C. § 1345." *United States v. Com. of Puerto Rico*, 721 F.2d 832, 836 (1st Cir. 1983).

Here, because the United States is the plaintiff, this court has jurisdiction under 28 U.S.C. § 1345 unless LaPant establishes either that the CWA expressly repealed the grant of jurisdiction provided by 28 U.S.C. § 1345 or is so irreconcilable with that grant of jurisdiction as to have impliedly repealed it. Reading § 1319(b) as authorizing the EPA, not the Corps, to commence suit for violations of § 1311(a), LaPant argues the United States may commence suit for violations of § 1311(a) only if authorized by the EPA. *See* Mot. at 10 ("Absent the Administrator's commencement of the action, either directly or by request to the Attorney General, section 1319(b) does not confer jurisdiction over this suit in this Court."); Reply at 5 ("[W]hen serving as the plaintiff for a section 1319(b) or section 1344(s)(3) claim, the United States must be acting at the request of the proper agency."). The court finds LaPant has not met his burden in establishing a repeal of jurisdiction under 28 U.S.C. § 1345.

    1.    <u>Express Repeal</u>

LaPant argues that § 1319(b) and §1344(s)(3) contain "specific and mutually exclusive jurisdictional grants [that] post-date the enactment of section 1345 and limit district court jurisdiction over federal enforcement suits to those brought by or at the request of the proper agency" and "clearly modify the grant of jurisdiction in 28 U.S.C. § 1345." Mot. at 21. To the extent LaPant contends either CWA provision constitutes an express repeal of § 1345 jurisdiction, that argument is unavailing. Neither § 1319(b) nor § 1344(s) refer to 28 U.S.C. § 1345 or the United States, much less expressly purport to repeal 28 U.S.C. § 1345's broad grant of jurisdiction

/////

for suits brought by the United States. *See, e.g.*, *Lahey*, 399 F.3d at 12 (finding no express repeal where cited provision did not "mention § 1345"); *Colorado River*, 424 U.S. at 807 ("The McCarran Amendment does not by its terms, at least, indicate any repeal of jurisdiction under § 1345."). *Cf. United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) (citing statutory language providing, "The Administrator's decision whether or not to select an unregulated contaminant for a list under this clause shall not be subject to judicial review," 42 U.S.C. § 300g-1(b)(1)(B)(i)(III), as an example of statutory language that "creates [an] . . . exception[] to the district court's jurisdiction").

    2.  Implied Repeal

"[T]o show an implicit repeal of § 1345, [a party] must show that (1) the provisions of § 1345 are in irreconcilable conflict with the [provision at issue] or (2) the [provision at issue], by clear and manifest intent, covers the whole subject matter area and was meant as a substitute." *Lahey*, 399 F.3d at 10; *Colorado River*, 424 U.S. at 808 ("In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable."); *see also Lahey*, 399 F.3d at 9 n.9 (expressing doubt regarding whether jurisdictional statute may be impliedly repealed through latter substitution approach). "There is a strong presumption against implied repeals of federal statutes, and this presumption is perhaps an even stronger one when the repeal is a grant of jurisdiction to the federal courts." *Lahey*, 399 F.3d at 9 (internal citations omitted) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 468 (1982); *Com. of Puerto Rico*, 721 F.2d at 836). LaPant, as the proponent of the repeal argument, bears the burden of showing that his "disfavored" argument should prevail. *See id.*

LaPant has not shown that 28 U.S.C. § 1345's grant of jurisdiction is irreconcilable with the CWA provisions at issue here. He argues:

> Sections 1319(b) and 1344(s)(3) are [] clearly irreconcilable with jurisdiction under section 1345 . . . . [because] Section 1345 would grant jurisdiction merely by the United States filing the lawsuit. But section 1319(b) limits jurisdiction to those suits where the United States is acting at the request of the Administrator, as section 1344(s)(3) limits jurisdiction to suits to enforce Army-issued permits. Section 1345, and the Clean Water Act's sections 1319(b)

6

| | |
|---|---|
| 1 | and 1344(s)(3), cannot both be applied without one of them being |
| 2 | nullified. |

3 Mot. at 21. But neither § 1319(b) nor § 1344(s)(3) mention the United States' authority to sue,
4 much less "limit jurisdiction to those suits where the United States is acting at the request of the
5 Administrator" or the Secretary, as LaPant argues. *See id.*

6 Ultimately, LaPant asks the court to find that by granting authority to the EPA and
7 the Corps to pursue enforcement actions under specific circumstances, Congress also limited the
8 United States' authority to pursue enforcement actions under those circumstances, permitting the
9 United States to sue only upon the authorized agency's request. As the United States notes, this
10 argument requires the court to treat the fact that the United States, not the Corps, is the plaintiff in
11 this suit as a distinction without a difference. *See* Opp'n at 2, 4−5, 11−15. LaPant counters that
12 because "[t]he United States uniformly serves as the plaintiff in federal government Clean Water
13 Act enforcement actions," § 1319(b) and § 1344(s)(3) "would be rendered meaningless if the
14 government can evade the statute merely by the United States bringing actions on behalf of the
15 agencies." Reply at 4. Essentially, then, LaPant argues that the court must find it lacks jurisdiction
16 under § 1345 in order "to give effect" to § 1319(b) and § 1344(s)(3). *See id.*

17 LaPant's argument turns the requisite jurisdictional analysis on its head. The court
18 cannot properly presume that Congress impliedly repealed jurisdiction under 28 U.S.C. § 1345 to
19 ensure that the EPA, and only the EPA, may refer unpermitted discharges to the United States for
20 enforcement actions. The presumption, as noted above, is against implied repeal. The reading of
21 § 1319(b) and §1344(s)(3) that comports with this presumption is that Congress granted the EPA
22 the authority to sue for particular CWA violations and granted the Corps authority to sue for other
23 CWA violations. *See* 28 U.S.C. § 1345 (conferring original jurisdiction "[e]xcept as otherwise
24 provided by Act of Congress . . . of all civil actions, suits or proceedings commenced by the United
25 States," but providing jurisdiction for actions commenced "by any agency or officer thereof [when]
26 expressly authorized to sue by Act of Congress"); *see also Fed. Sav. & Loan Ins. Corp. v. Ticktin*,
27 490 U.S. 82, 85 (1989) (holding availability of § 1345 jurisdiction for cases commenced by federal
28 agencies "require[s] that the agency be 'expressly authorized to sue'"); *Marshall v. Gibson's Prod.,*

*Inc. of Plano*, 584 F.2d 668, 676 (5th Cir. 1978) ("Section 1345 grants the district courts jurisdiction over cases brought by agencies only when those agencies are 'expressly authorized to sue by Act of Congress.'") (citing *Reed v. County Commissioners*, 277 U.S. 376, 389 (1928) (footnote omitted)).

Under this reading, while the court might lack jurisdiction under 28 U.S.C. § 1345 to hear this suit if it were it brought directly by the Corps, the court need not and does not reach this question. The court has jurisdiction because this suit is brought by the United States. *See* 28 U.S.C. § 1345; *see also* 14 Fed. Prac. & Proc. Juris. § 3651 (4th ed.) ("No difficulties of subject matter jurisdiction are presented when the United States is the plaintiff in an action in the federal courts.");; *U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 841 F. Supp. 899, 903−06 (D. Minn. 1993) ("[b]ecause this action is brought by the United States, the court declines to consider the defendant's arguments regarding the power of this court to hear actions brought by the [Federal Trade Commission]," confirming district court jurisdiction under 28 U.S.C. §§ 1331 and 1345 and finding United States had standing to bring suit on agency's behalf to enforce judgment obtained by agency where agency was "arguably barred" from bringing suit independently). Thus, as the United States argues, the CWA provisions at issue here may be read as "complementary to 28 U.S.C. § 1345," granting agency authority without displacing the United States' authority. *See* Opp'n at 8−9. As the United States also notes, "under LaPant's view, Congress authorized EPA, states, and any member of the public to enforce the Clean Water Act, but not the United States (even at the request of the agency that regulates discharges of dredged or fill material)." Opp'n at 10. This reading at the very least requires more support than LaPant offers here.

Moreover, LaPant has not identified any portion of the CWA's legislative history suggesting Congress intended to limit 28 U.S.C. § 1345 jurisdiction by authorizing either the EPA or the Corps to sue. *See Colorado River*, 424 U.S. at 807 (looking to legislative history for any indication "[of Congress's] clear purpose to terminate any portion of § 1345 jurisdiction."). LaPant directs the court to legislative history indicating the 1972 CWA's sponsor was initially concerned the Corps would not be sufficiently "vigilant" in enforcing the CWA, though five years later

Congress would amend the CWA to add § 1344(s) and grant the Corps authority to initiate suits in federal district courts. *See* Mot. at 17 (citing *United States v. Kelcourse*, 721 F. Supp. 1472, 1475 (D. Mass. 1989)). The sponsor's skepticism pre-dating enactment of § 1344(s) does not suggest, as LaPant argues here, that the CWA or its amendments embody Congress's intent to limit district court jurisdiction to hear suits brought by the United States under 28 U.S.C. § 1345. To the extent the sponsor's skepticism should shape the court's analysis, that skepticism was directed at the Corps, not the United States.

In sum, LaPant's argument works only if the court crosses the boundary between the judicial and legislative branches and supplements § 1319(b)'s and §1344(s)'s text, ignoring the longstanding presumption against implied repeals of jurisdiction. The court declines to venture forth in this way. *See Alisal Water Corp.*, 431 F.3d at 651 (finding, absent any "special provision limiting jurisdiction over federal question claims or suits brought by the United States, . . . the district court had subject matter jurisdiction over th[e] suit . . . ."); *United States v. Rivera Torres*, 656 F. Supp. 251, 255 (D.P.R.), *aff'd*, 826 F.2d 151 (1st Cir. 1987) ("Congress has expressly granted federal district courts the original jurisdiction to entertain actions brought by the United States against any person who violates the provisions of the Act. It will be a dereliction of our duties to decline jurisdiction.") (citing 33 U.S.C. § 1319(a)(3) and (b) and § 1344(s)). *Cf. United States v. Mellon*, 719 F. App'x 74, 79 (2d Cir. 2018) ("Mellon argues that I.R.C. section 7604(a) grants district courts subject-matter jurisdiction over summons enforcement proceedings, but requires proper service to confer jurisdiction. But Mellon does not demonstrate how violating this specific grant of subject-matter jurisdiction would strip the district court of its general grant of subject-matter jurisdiction under 28 U.S.C. §§ 1340 and 1345."); *Lahey*, 399 F.3d at 13 (declining to decide whether "Congress could . . . attempt to expressly provide for repeal of a statute . . . through delegation of [] power [to seek a remedy] to an agency").[3]

The court has jurisdiction over this case under 28 U.S.C. § 1345.

---

[3] *Lahey* is otherwise distinguishable in that in that case administrative remedies did not replace common law remedies available to the United States.

9

B. <u>28 U.S.C. § 1331</u>

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[S]uits seeking compliance with, or remedies for, violations of federal water quality statutes and regulations present federal questions." *Alisal Water Corp.*, 431 F.3d at 650 (citation omitted). In addressing a repeal argument, as with district court jurisdiction under 28 U.S.C. § 1345, the court considers whether Congress placed "any special limits [on] or exceptions to" federal question jurisdiction. *Id.*; *Colorado River Water Conservation Dist.*, 424 U.S. at 809 n.15 (finding McCarran Amendment did not divest district court of jurisdiction under 28 U.S.C. § 1331 "[f]or the same reasons" it did not divest jurisdiction under 28 U.S.C. § 1345).

LaPant argues Supreme Court and Ninth Circuit precedent preclude § 1331 "as an alternative basis for subject matter jurisdiction for Clean Water Act enforcement cases" under the facts presented here. Mot. at 12–13, 19 (citing *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1 (1981) and *City of Las Vegas, Nevada v. Clark Cty., Nevada*, 755 F.2d 697 (9th Cir. 1984)). While LaPant cites only authority addressing citizen suits brought under the Clean Water Act, he argues "these cases apply a generally applicable rule about all litigation to enforce the Clean Water Act, not a narrower rule germane only to citizen suits." Reply at 3. But none of the authorities LaPant relies on support this point. *See Middlesex*, 453 U.S. at 12–13 (addressing "whether [plaintiffs] may raise . . . claims in a private suit for injunctive and monetary relief, where such a suit is not expressly authorized by either of these Acts," and noting the issue before the court involved "the recurring question whether Congress intended to create a private right of action under a federal statute without saying so explicitly") (footnotes omitted); *City of Las Vegas, Nevada*, 755 F.2d at 703 (because "Congress intended to limit access to federal court to enforce the CWA to the express enforcement provisions of the Act," municipality was precluded from suing under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 and was instead "limited to a cause of action brought under, and conforming to the requirements of, [the CWA's citizen suit provision]") (citing *Middlesex*, 453 U.S. at 21).

/////

Accordingly, as also discussed above, LaPant has not established that the CWA provisions at issue here repealed federal question jurisdiction. *See Alisal Water Corp.*, 431 F.3d at 650−51 (addressing district court jurisdiction under 18 U.S.C. §§ 1331 and 1345 in single analysis).

The court also may properly exercise jurisdiction under 28 U.S.C. § 1331.

IV. CONCLUSION

LaPant has not met his burden to establish the court lacks jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1345.[4] His motion for judgment on the pleadings, ECF No. 59, is DENIED.

IT IS SO ORDERED.

DATED: May 2, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[4] As the government notes and LaPant concedes, every court that has considered the jurisdictional challenge LaPant raises here has confirmed district court jurisdiction, finding the Corps has authority to refer or bring these enforcement actions. *United States v. Kelcourse*, 721 F. Supp. 1472, 1478 (D. Mass. 1989); *Reichelt v. U.S. Army Corps of Engineers*, 969 F. Supp. 519, 523 (N.D. Ind. 1996); *United States v. Hallmark Const. Co.*, 14 F. Supp. 2d 1065, 1068 (N.D. Ill. 1998). Because this court confirms its jurisdiction under 28 U.S.C. § 1345 and 28 U.S.C. § 1311, it does not address these cases.