UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGER J. LAPANT, JR., et al.,

Defendants.

No. 2:16-CV-01498-KJM-DB

ORDER

The United States' unopposed motion to enter its consent decree with defendants Goose Pond Ag., Inc. (Goose Pond) and Farmland Management Services (Farmland) is before the court. Mot., ECF No. 88; Prop. C.D., ECF No. 87. The public comment period for the proposed consent decree expired on October 17, 2018 and no public comments were received. ECF No. 90 (notice). The court held this motion in abeyance while resolving a challenge to its jurisdiction raised by other defendants. *See* ECF No. 59. With that challenge resolved, *see* ECF No. 104, and as explained below, the court GRANTS the motion.

I.  BACKGROUND

The United States filed this action against defendants Roger J. LaPant, Jr., J&J Farms, Goose Pond, and Farmland, alleging the defendants violated and continue to violate Clean Water Act (CWA) section 301(a), 33 U.S.C. § 1311(a). Compl., ECF No. 1. The alleged CWA violations occurred on approximately 1,505 acres of real property in rural Tehama County,

1

California, and resulted in the unauthorized discharge of pollutants into waters of the United States. *Id.* ¶¶ 30−31, 40−93; *see* Mot. at 2−3.

The United States alleges that beginning in November 2012, Goose Pond and Farmland "operated a slip plow, tractor with tillage implements, road-building machinery, land-leveler, trencher, and/or other earthmoving equipment" in uplands and waters of the United States, affecting "potentially 100 or more acres of waters of the United States." Compl. ¶¶ 109−13. The United States alleges the equipment "constituted a 'point source'" under 33 U.S.C. § 1362(14) and "resulted in the placement of dredged spoil, biological materials, rock, sand, cellar dirt or other earthen material constituting 'pollutants' within the meaning of 33 U.S.C. § 1362(6) into waters of the United States." *Id.* ¶¶ 114−15. The operation allegedly impacted hydrophydic plants, changed the bottom elevation of or replaced portions of waters of the United States with dry land, and "resulted in the 'discharge of any pollutant' within the meaning of 33 U.S.C. § 1311(a)." *Id.* ¶¶ 116−19. The discharge of pollutants was not authorized by a CWA section 404 permit, and after operation of the equipment ceased, defendants allowed the discharged pollutants to remain in waters of the United States. *Id.* ¶¶ 121−23. The United States seeks injunctive relief and civil penalties. *Id.* at 18 (request for relief).

Although not an exhaustive survey, the following summarizes provisions of the proposed consent decree:

- Goose Pond and Farmland will pay a $1,750,000 civil penalty to the United States. Prop. C.D. ¶ 22.

- Except as necessary to fulfill certain prescribed remedial requirements and as described in the proposed consent decree, Goose Pond and Farmland are permanently enjoined from disturbing a specified portion of the property comprised of approximately 616 acres, termed the "Conservation Reserve." *Id.* ¶¶ 10, 25. This provision runs with the land, binding Goose Pond and Farmland's successors and assigns, and will not be extinguished by the consent decree's termination. *Id.* ¶¶ 25, 68.

- Within a specified timeline, Goose Pond and Farmland are required to take steps necessary to implement the parties' Corps-approved remedial plan and thereafter obtain approval of completion from the Corps. *Id.* ¶ 26; *see* App. 3 (Remedial Plan).

- For five years following completion of the remedial plan, Goose Pond and Farmland must monitor, manage and maintain the work

required under that plan and submit annual reports and a completion request to the United States as prescribed in the consent decree. Prop. C.D. ¶ 27.

- Goose Pond and Farmland will submit to the Corps a proposed expenditure of $3,550,000 "to purchase vernal pool establishment, re-establishment, or rehabilitation credits from one or more Corp-approved mitigation banks that serve the [applicable] area . . . ." *Id.* ¶ 30.

- Upon the Corps' approval, Goose Pond and Farmland are required to complete the $3,550,000 mitigation and provide the United States with written notice of completion. *Id.* The United States and its contractors and consultants may, upon reasonable advance notice and at reasonable times, access the site to monitor progress and activities required under the proposed consent decree; verify data and information submitted by Goose Pond and Farmland to the Corps; monitor and confirm compliance by obtaining samples; obtain documentary evidence to monitor compliance; and generally assess compliance with the consent decree. *Id.* ¶ 36.

- Goose Pond and Farmland will pay stipulated penalties of $3,000 per day per violation of consent decree obligations, subject to exceptions identified in the consent decree. *Id.* ¶¶ 49-56.

- The proposed consent decree will terminate eight years after its effective date, extended by the number of days, if any, Goose Pond and Farmland were out of compliance with consent decree requirements. *Id.* ¶ 67.

- The consent decree does not extinguish obligations under paragraph 25 of the proposed consent decree, described above, or the United States' ability to access the site to assess compliance with ¶ 25. *Id.* ¶ 68.

II. LEGAL STANDARD

"Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990); *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) ("Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved."). Further, "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." *Randolph*, 736 F.2d at 529. Although it may explain its reasons for withholding approval of a proposed consent decree, the court lacks the authority to modify the

/////

1 | parties' proposal and therefore must either accept or reject the proposal as submitted. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 630 (9th Cir. 1982).

III. <u>DISCUSSION</u>

Having carefully considered the consent decree, the court finds it is fair, reasonable and consistent with statutory purposes. The parties reached this settlement after more than two years of litigation. The United States represents that settlement followed arms-length negotiations conducted by experienced counsel aware of the strengths and weaknesses of their respective cases. Mot. at 6. Further, the proposed consent decree would achieve significant goals of the Clean Water Act, permanently protecting from disturbance "the Conservation Reserve[, which] contains between 75 and 139 acres of waters of the United States," remediating damage caused by unauthorized discharges, implementing a long tern pre-clearance injunction, requiring off-site compensatory mitigation and recouping a significant civil penalty. *Id.* at 6-7. The unopposed motion to enter the consent decree is GRANTED.

IT IS SO ORDERED.

DATED: June 3, 2019.

_____
UNITED STATES DISTRICT JUDGE