ANDREW J. DOYLE
JOHN THOMAS H. DO
ANDREW S. COGHLAN
United States Department of Justice
Environmental and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-4427 / Fax: (202) 514-8865

*Attorneys for the United States*

CANNATA, O'TOOLE, FICKES & OLSON
THERESE Y. CANNATA
MARK P. FICKES
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: 415.409.8900 / Facsimile: 415.409.8904

*Attorneys for Defendants Roger J. LaPant, Jr., d.b.a. J&J Farms*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROGER J. LAPANT, JR. and J&J FARMS, <br><br> Defendants. | 2:16-cv-001498-KJM-DB <br><br> **STIPULATION AND ORDER FOR ADDITIONAL TIME TO TAKE DEPOSITIONS; TO EXTEND CERTAIN DEADLINES; AND FOR MEDIATION** |

The parties that remain in active litigation in this case, Plaintiff United States of America ("Plaintiff" or "United States") and Defendant Roger J. LaPant, Jr. d.b.a. J&J Farms ("Defendant" or "Mr. LaPant"), have met and conferred and hereby stipulate and propose for the Court's approval the following joint requests:

     1.     Pursuant to the Scheduling Order dated April 17, 2019 (ECF No. 103), discovery

closed on August 14, 2019.  The parties do not request that this date be extended as a general matter.  However, as specified herein, the parties request that they have additional time to take depositions and to produce supplemental reports, as well as an attendant extension of the parties' right to seek resolution of discovery disputes.  These requests are set forth in paragraphs 3 and 4 (and their subparagraphs) below.  The parties concurrently request additional time for the hearing of dispositive motions and the filing of a joint pretrial statement, as discussed below (in paragraphs 5 and 6, respectively).  Also as discussed below (in paragraph 7), the parties request mediation.

2. Mr. LaPant's reason for the requested extension is principally to complete deposition discovery, the scheduling of which has been impacted by two unforeseen events, and the United States wishes to accommodate the situation.  First, Mr. LaPant has advised that wife suffered serious health complications following surgery, which required Mr. LaPant to assist his wife with multiple hospitalizations and round-the-clock care when she was able to return home.  Her condition is now improving but in the months of June through August 2019, her health issues were serious and required daily attention by Mr. LaPant.  Second, while the parties were meeting and conferring about Mr. LaPant's situation, one of his retained experts, Damon Brown, was killed in an airplane accident on July 25, 2019.

3. With regard to completing fact and expert depositions, the Parties agree as follows:

   a. *Washington, DC depositions*.  Defendant may take the depositions of Plaintiff's experts Peter Stokely and Mark Rains on October 10 and 11, 2019, respectively, both to occur in Washington, DC.

   b. *San Francisco depositions.*  Plaintiff United States may take the depositions of Todd LaPant and Roger J. LaPant, Jr., on October 21 and 22, 2019, respectively; Paul Wisniewski on October 17, 2019, and Mike Delmanowski on October 18, 2019, all to be held in San Francisco, California.

   c. *Sacramento depositions*.  Defendant may take the depositions of Matthew

STIPULATION/ORDER RE:  DEPOSITIONS, DEADLINES, MEDIATION 2

Kelley on October 16, 2019, and Gregory House on October 18, 2019; and Plaintiff United States make take the deposition of Paul Squires on October 17, 2019, all to be held in Sacramento, California.

4. The Court's Amended Scheduling Order dated April 7, 2017 (ECF No. 32) requires leave of Court for any "additional expert reports, including any purported supplemental expert reports." (*Id.* at 4:1-2.)

    a. The parties stipulate and propose for the Court's approval that, in light of additional aerial photographs brought to the parties' attention by settling defendants' (now withdrawn) expert: (1) Defendant be granted leave to produce a supplemental report from Paul Wisniewski, a final draft of which Defendant shared with the United States on September 6, 2019, and shall not change; and (2) Plaintiff United States be granted leave to produce, by September 27, 2019, a supplemental report from Peter Stokely, the scope of which shall be limited to the scope of Mr. Wisniewski's supplemental report dated September 6, 2019.

    b. The parties stipulate and propose for the Court's approval that, in light of Defendant's expert Damon Brown's passing, Defendant be granted leave to substitute Mike Delmanowski. Further, Defendant is granted leave to produce, by September 30, 2019, a supplemental report from Mr. Delmanowski, the scope of which shall be limited to Mr. Delmanowski's adoption, in whole or in part, of the analysis, opinions, and bases attributed to Mr. Brown as set forth in an expert report that Mr. LaPant produced in June 2018.

    c. The parties shall have through and including November 1, 2019, to submit to the assigned U.S. Magistrate Judge (The Honorable Deborah Barnes) any discovery disputes.

5. Pursuant to the Scheduling Order dated April 17, 2019 (ECF No. 103), the last day to hear dispositive motions is currently October 18, 2019. In light of the additional time for depositions and supplemental reports requested herein, the parties request that the Court adopt the following schedule for dispositive motions:

    a. Opening motions and briefs shall be filed and served on November 22, 2019.

    b. Opposition briefs shall be filed and served on December 20, 2019.

STIPULATION/ORDER RE: DEPOSITIONS, DEADLINES, MEDIATION 3

c.   Reply briefs shall be filed and served on January 17, 2020.

d.   The hearing of such motions shall be noticed for January 24, 2020 (or, if that date is not available to the Court, the hearing of such motions shall be noticed for first available date thereafter).

6.   Pursuant to the Scheduling Order dated April 17, 2019 (ECF No. 103), a joint pretrial statement is currently due December 18, 2019.  In light of the requested extended dispositive motion deadline and intervening holidays, the parties request that this deadline be extended to March 10, 2020.

7.   To date, the parties have not requested, and the Court has not referred the parties to, a judicially-facilitated settlement conference.  Based on their attorneys' experience with the Honorable Kendall J. Newman in other cases (including a Clean Water Act civil enforcement action), the parties request that they be ordered to prepare for and attend a settlement conference on a date and time that works for the parties and for Judge Newman, provided that such conference occurs no later than December 18, 2019.

Dated:  September 20, 2019           Respectfully submitted,

*/s/ Andrew J. Doyle*
United States Department of Justice
Environmental and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC   20044
Tel:   (202) 514-4427

*Attorney for the United States*

CANNATA, O'TOOLE, FICKES & OLSON LLP

*/s/ Therese Y. Cannata*
THERESE Y. CANNATA
Attorneys for Defendant ROGER J. LAPANT, Jr., d.b.a J&J FARMS

//

STIPULATION/ORDER RE:  DEPOSITIONS, DEADLINES, MEDIATION   4

**ORDER**

Upon due consideration, and for good cause shown, the Court approves the foregoing stipulation and orders as follows:

1. The parties may take depositions outside the close of discovery as specified herein.
2. Defendants are granted leave to produce a supplemental report from Paul Wisniewski, a final draft of which Defendant shared with the United States on September 6, 2019, and shall not change.
3. The United States is granted leave to produce, by September 27, 2019, a supplemental report from Peter Stokely, the scope of which shall be limited to the scope of Mr. Wisniewski's supplemental report.
4. Defendants are granted leave to produce, by September 30, 2019, a supplemental report from Mike Delmanowski, the scope of which shall be limited to the adoption, in whole or in part, of the analysis, opinions, and bases attributed to Mr. Brown as set forth in an expert report that Defendant produced in June 2018.
5. The parties shall have through and including November 1, 2019, to submit to The Honorable Deborah Barnes any discovery disputes.
6. The dispositive motion hearing deadline is moved to January 24, 2020. The parties shall abide by the briefing schedule set forth in paragraph 5 of their stipulation.
7. The filing deadline for the joint pretrial statement is March 10, 2020.
8. A settlement conference is set for **December 4, 2019, at 9:00 a.m. in Courtroom 25 before Magistrate Judge Kendall J. Newman**. The parties are instructed to have a principal with full settlement authority present for the settlement conference or to be fully authorized to settle the matter on any terms. The individual with full settlement authority to settle must also have unfettered discretion and authority to change the settlement position of the party, if appropriate. The purpose behind requiring attendance of a person with full settlement authority is that the parties view of the case may be altered during the face to face conference. An

authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  The parties are directed to exchange non-confidential settlement conference statements **seven (7) days prior** to the settlement conference.  These statements shall be simultaneously delivered to the court using the following email address: **kjnorders@caed.uscourts.gov**. These statements should not be filed on the case docket.  If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

Dated:  September 24, 2019.

_____
UNITED STATES DISTRICT JUDGE