ANDREW J. DOYLE
JOHN THOMAS H. DO
ANDREW S. COGHLAN
United States Department of Justice
Environmental and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-4427 / Fax: (202) 514-8865

*Attorneys for the United States*

CANNATA, O'TOOLE, FICKES & OLSON
THERESE Y. CANNATA
MARK P. FICKES
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: 415.409.8900 / Facsimile: 415.409.8904

*Attorneys for Defendant Roger J. LaPant, Jr.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROGER J. LAPANT, JR.,<br><br>    Defendant. | 2:16-cv-001498-KJM-DB<br><br>**STIPULATION AND ORDER FOR REVISION OF DISPOSITIVE MOTION AND JOINT PRETRIAL STATEMENT DEADLINES; RESCHEDULING OF SETTLEMENT CONFERENCE; AND MISCELLANEOUS MATTERS** |

    Plaintiff United States of America and Defendant Roger J. LaPant, Jr. have met and conferred and hereby stipulate and propose for the Court's approval an adjustment to the dispositive motion briefing schedule and deadline to file a joint pretrial statement, a rescheduling of mediation, and miscellaneous matters.

    1. *Adjusting the dispositive motion briefing schedule.* Currently, pursuant to the Stipulation and Order dated September 25, 2019 (ECF No. 109 at 3:22 to 4:4 & 5:18-19), opening

dispositive motions and briefs are due November 22, 2019; opposition briefs are due December 20, 2019; reply briefs are due January 17, 2020; and the noticed hearing date is Janurary 24, 2020. The parties request that the Court adjust this schedule because the depositions taken in October were only recently transcribed, and, as discussed *infra* paragraph 6, certain discovery matters remain pending. Specifically, the parties propose the following revised schedule:

      a.      Opening motions and briefs shall be filed and served on December 20, 2019.

      b.      Opposition briefs shall be filed and served on January 31, 2020.

      c.      Reply briefs shall be filed and served on February 21, 2020.

      d.      The hearing of such motions shall be noticed for March 6, 2020 (or, if that date is not available to the Court, the hearing of such motions shall be noticed for first available date thereafter).

      2.      *Limiting the number of dispositive motions and modestly enlarging the page limits.* The parties request that each side be limited to one dispositive motion. Further, the parties request a modest extension of the applicable page limits. Currently, pursuant to the Court's Amended Status (Pretrial Scheduling) Order dated April 7, 2017 (ECF No. 32 at 5:7-9), "[t]he court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies." Given the volume of the record in this case, the parties request the following adjusted page limits: 30 pages on all moving papers, 30 pages on oppositions, and 20 pages for replies.

      3.      *Implementing the parties' meet-and-conferral obligations.* The Amended Status (Pretrial Scheduling) Order (at 5:10-20) provides that, prior to filing a dispositive motion, "counsel shall engage in a pre-filing meet and confer" to, *inter alia*, ensure that any "briefing is directed only to those substantive issues requiring resolution by the court." The parties have begun the pre-filing meet and confer process, and they shall complete it on or before December 3, 2019.

      4.      *Extending the deadline to file the joint pretrial statement.* Currently, pursuant to the Stipulation and Order dated September 25, 2019 (at 5:20-21), the filing deadline for the joint pretrial statement is March 10, 2020. In light of the parties' request to adjust the dispositive

motion schedule, the parties request that the deadline to file the joint pretrial statement be moved to April 24, 2020.

5. *Rescheduling the settlement conference*. Currently, pursuant to the Stipulation and Order dated September 25, 2019 (at 5:21 to 6:8), the parties are scheduled to appear before The Honorable Kendall J. Newman for a settlement conference on December 4, 2019, at 9:00 a.m. For two reasons, the parties request that the settlement conference be rescheduled. *First,* the parties will be more informed about their respective positions and the record once they have filed their opening motions on December 20 (the revised deadline under the parties' request, as set forth *supra* paragraph 1). As such, the settlement conference is likely to be more productive if it is rescheduled as requested herein. *Second*, on October 22, 2019, lead counsel for the United States, Andrew J. Doyle, received notice that oral argument will be held on December 4, 2019, in a case on which Mr. Doyle serves as the only DOJ counsel of record, *Lousiana Environmental Action Network v. EPA*, No. 17-1257 (D.C. Cir.).

a. For the reasons set forth above, the parties request that the mediation be rescheduled from December 4, 2019, to any day and time that Judge Newman's schedule allows during the week of January 6, 2020, except for January 7 (when one of the attorneys for the United States, John Thomas H. Do, has a previously scheduled pretrial conference in another case). However, if Judge Newman is not available on January 6, 8, 9, or 10, the parties request that they be ordered to meet and confer and provide alternative dates directly to Judge Newman's chambers for his consideration−with the goal of finding an available date for the settlement conference in January or February 2020 but before February 21, 2020, when replies are due under the parties' requested (adjusted) dispositive motion briefing schedule.

6. *Miscellaneous matters.* During the recent depositions, the parties met and conferred about certain discovery and other matters:

a. The parties stipulate and propose for the Court's approval that "J&J Farms," technically a named defendant in this case, be regarded merely as a name Roger J. LaPant, Jr. has invoked on occasion under which he represents to be conducting business (*e.g.*, "Roger J. LaPant, Jr., doing business as J&J Farms."). In other words, the parties stipulate and propose that the Court

not regard J&J Farms as a stand-alone person (or defendant). The only parties that remain in active, contested litigation in this case are Plaintiff United States of America and Defendant Roger J. LaPant, Jr. (The United States' claims against Goose Pond Ag, Inc. and Farmland Management Services were resolved by a consent decree.)

      b.      By November 18, 2019, Defendant shall produce to the United States declarations by Paul Wisniewski and Douglas Parkinson that simply provide locational information for the ground-level photographs they took at the site (and which Defendant recently produced to the United States). For example, if a particular photograph was taken at or near a particular soil pit, it would be sufficient for the declarant to provide the soil pit number for that photograph, identified by its bates number.

      c.      By November 18, 2019, Defendant shall produce to the United States the identity of, and contact information for, the consultant(s) that Mr. LaPant retained in or about 2011 through attorney Brian Plant (about which Mr. LaPant testified during his deposition).

      d.      Defendant shall produce the following documents: (1) all nonprivileged factual or technical documents and information, including but not limited to photographs, pertaining to the site at issue in this case that Mr. LaPant (or someone on his behalf) provided to attorney Brian Plant and/or the consultant(s) retained by Mr. Plant on Mr. LaPant's behalf in or about 2011; and (2) all nonprivileged factual or technical reports, letters, assessments, and other information pertaining to the site at issue in this case that the consultant(s) drafted, including but not limited to photographs taken by or at the behest of the consultant(s). By November 20, 2019, Defendant shall produce all of the foregoing documents to the United States (if and to the extent they exist). If Defendant withholds any of the foregoing documents, in whole or in part, on the basis of an asserted privilege, Defendant shall, by November 20, 2019, produce a privilege log. All parties reserve rights concerning the discovery of the files of attorney Brian Plant (although, as set forth in the first sentence above, Defendants agree to produce nonprivileged information, including from said files). As such, the United States reserves the right to serve a subpoena for documents on attorney Brian Plant and/or the consultant(s) referenced in paragraph 6.c. above. In that instance, the parties will promptly meet and confer about implementing a process through

| | |
|---|---|
| 1 | which Mr. LaPant can review responsive documents to protect against the disclosure of materials |
| 2 | that Mr. LaPant believes are attorney-client privileged, and Mr. LaPant reserves the right to move |
| 3 | to quash said subpoena and/or obtain such other and further order required to protect against the |
| 4 | disclosure of attorney-client privileged materials. Regardless of the method used for the |
| 5 | production of documents and/or a privilege log, the parties stipulate and propose for the Court's |
| 6 | approval that the assigned U.S. Magistrate Judge (The Honorable Deborah Barnes) remain |
| 7 | available to resolve any disputes; the parties agree to use the most streamlined process available to |
| 8 | resolve any disputes. |

        e.      By November 21, 2019, the United States shall advise Defendant as to whether the United States wishes for Defendant's counsel to convene a call (or a telephonic or videoconference deposition) for the United States to pose questions to Michael Delmanowski based on recently produced documents from his file. If the United States so advises, Defendant shall arrange for the call (or deposition) at a mutually agreeable date and time.

Dated: November 8, 2019        Respectfully submitted,

                                                      */s/ Andrew J. Doyle*
                                                      United States Department of Justice
                                                      Environmental and Natural Resources Division
                                                      Environmental Defense Section
                                                      P.O. Box 7611
                                                      Washington, DC   20044
                                                      Tel:   (202) 514-4427

                                                      *Attorney for the United States*


                                        CANNATA, O'TOOLE, FICKES & OLSON LLP

                                           */s/ Therese Y. Cannata*
                                           THERESE Y. CANNATA
                                           Attorneys for Defendant ROGER J. LAPANT, Jr.

///

///

**ORDER**

Upon due consideration, and for good cause shown, the Court approves the foregoing stipulation and orders as follows:

1. The dispositive motion hearing deadline is moved to March 6, 2020. The parties shall abide by the revised briefing schedule set forth in paragraph 1 of their stipulation.
2. Each side is limited to one dispositive motion, and the page limits are as follows: 30 pages on all moving papers, 30 pages on oppositions, and 20 pages for replies.
3. The parties shall abide by their meet and conferral stipulation, paragraph 3 above.
4. The filing deadline for the joint pretrial statement is moved to April 24, 2020.
5. Judge Newman is not available on the proposed dates. The parties shall promptly meet and confer and provide alternative settlement conference dates directly to Judge Newman's chambers for his consideration—with the goal of finding an available date for the settlement conference in January or February 2020 but before February 21, 2020.
6. The Clerk is directed to delete J&J Farms as a separate, named defendant in this case. For the reasons stated in paragraph 6.a. of the parties' stipulation, the only parties that remain in active, contested litigation in this case are Plaintiff United States of America and Defendant Roger J. LaPant, Jr.
7. Defendant shall complete the discovery matters set forth in paragraph 6.b. to 6.e. of the parties' stipulation. The Court approves the availability of The Honorable Deborah Barnes to resolve disputes as noted in paragraph 6.d. of the stipulation.

DATED: November 14, 2019.

_____
UNITED STATES DISTRICT JUDGE